Case 1:16-cr-00151-TWP-DKL   Document 136   Filed 05/22/24   Page 1 of 4 PageID #: 588

AO 247 (Rev. 03/19) Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)   Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
for the
Southern District of Indiana

| | |
|---|---|
| United States of America ) | |
| v. ) | Case No: 1:16-CR-00151-TWP-DKL |
| EUSTORGIO CAMACHO-CERVANTES ) | |
| ) | USM No: 15304-028 |
| Date of Original Judgment: 02/23/2017 ) | |
| Date of Previous Amended Judgment: ) | Sean Hessler (former) |
| *(Use Date of Last Amended Judgment if Any)* | *Defendant's Attorney* |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of  ☒ the defendant  ☐ the Director of the Bureau of Prisons  ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☒ DENIED.   ☐ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____.

*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Except as otherwise provided, all provisions of the judgment dated   02/23/2017   shall remain in effect.
**IT IS SO ORDERED**.

Order Date:   5/22/2024

*Judge's signature*

Effective Date: _____   Honorable Tanya Walton Pratt, U.S. District Court Chief Judge
*(if different from order date)*   *Printed name and title*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:16-cr-00151-TWP-DKL |
| EUSTORGIO CAMACHO-CERVANTES, | ) ) -01 |
| Defendant. | ) ) |

**ORDER DENYING MOTION FOR REDUCTION OF SENTENCE**

This matter is before the Court on Defendant Eustorgio Camacho-Cervantes' ("Camacho-Cervantes") Motion for Reduction of Sentence filed pursuant to 18 U.S.C. § 3582, U.S.S.G. § 1B1.10, and Amendment 821 to the Sentencing Guidelines (Filing No. 128).[1] Camacho-Cervantes was convicted of Conspiracy to Possess with Intent to Distribute and/or Distribute 5 Kilograms or More of Cocaine (Filing No. 87). He received a sentence of 120 months (Filing No. 87). He seeks a reduction of his sentence pursuant to Parts A and B to Amendment 821. Plaintiff United States of America (the "Government") has filed a Response in Opposition, in which it asserts that Camacho-Cervantes is ineligible for reduction because neither Part A nor Part B to Amendment 821 applies to him (Filing No. 135).

The Court has the authority to modify a previously imposed sentence pursuant to 18 U.S.C. § 3582(c)(2) if the defendant's guideline range has been lowered subsequent to his sentencing by an act of the United States Sentencing Commission. In determining whether a defendant is eligible for such relief, district courts are to employ a two-step analysis. *See Dillon v. United States*, 560

---

[1] The Court appointed the Indiana Federal Community Defender to represent Mr. Camacho-Cervantes (Filing No. 129). Counsel was later granted leave to withdraw (Filing No. 132). Mr. Camacho-Cervantes was afforded an opportunity to supplement his petition following the withdrawal, but he did not do so (Filing No. 133).

U.S. 817, 826 (2010). At step one, the Court is to determine whether the defendant is eligible for resentencing and the extent of the reduction authorized. *Id*. at 827. In making this determination the Court must heed the binding instructions of the Sentencing Commission codified at U.S.S.G. § 1B1.10. *Id*. at 828-29. If the defendant is eligible for a reduction, the Court advances to the second step. At the second step, the Court considers any applicable § 3553(a) factors and determines whether, in the Court's discretion, the authorized reduction is warranted in whole or in part under the particular circumstances of the case *Id*. at 827.

As to the step one analysis under *Dillon*, the Court agrees with the Government that Camacho-Cervantes is ineligible for a sentence reduction because neither Part A nor Part B to Amendment 821 applies to him. In Part A, the Sentencing Commission made certain amendments to U.S.S.G. § 4A1.1, which provides the circumstances in which "status points" are added to a defendant's criminal history category calculation. Camacho-Cervantes did not receive any "status points" under U.S.S.G. § 4A1.1, so Part A to Amendment 821 results in no change to Camacho-Cervantes' Criminal History Category (PSR ¶ 35). In Part B, the Sentencing Commission added a two offense level reduction for certain offenders with zero criminal history points under the new U.S.S.G. § 4C1.1. However, the reduction applies only to zero-point offenders who meet the ten criteria under §§ 4C1.1(a)(1)–(10). Camacho-Cervantes fails to meet § 4C1.1(a)(7), which requires that "the defendant did not possess, receive, purchase, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce any participant to do so) in connection with the offense." Since Camacho-Cervantes possessed a firearm in connection with the offense, as stipulated to in his guilty plea (Filing No. 69; Filing No. 72), he is not eligible for the reduction under Part B to Amendment 821.

Because Camacho-Cervantes' guideline range does not change, he is not eligible for resentencing. *See* § 3581(c)(2); § 1B1.10(a)(2)(B). The Court will therefore not proceed to step two under *Dillon*, though the Court commends Camacho-Cervantes for his diligent efforts toward his personal and professional growth while in custody and sincerely hopes those efforts continue until his anticipated release on January 7, 2025. *See* https://www.bop.gov/inmateloc/ (last visited May 21, 2024).

Camacho-Cervantes' Motion for Reduction of Sentence (Filing No. 128) is **DENIED**.

**SO ORDERED**.

Date: 5/22/2024

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

EUSTORGIO CAMACHO-CERVANTES
Register Number: 15304-028
FCI Loretto
Inmate Mail/Parcels
P.O. Box 1000
Cresson, PA  18830

3